THE SAMUELS STORES, INC., Plaintiff, v. SYDNEY PORTNER, Defendant.

Supreme Court, Broome County, July 14, 1925.

Contracts — agreement not to work for rival — application by plaintiff for temporary injunction to restrain defendant from entering into employ of rival concern under contract of employment for one year — contract provided if defendant " while contract remains in effect " shall enter into employ of any rival concern or become employed in similar line of business, plaintiff would be entitled to injunction enjoining him therefrom — parties before termination executed second contract for eight years, upon condition if plaintiff became dissatisfied with defendant's services it might terminate employment — second contract contained no provision relative to entering employment of rival concern or to former employment under first contract — second contract in absence of restraining provision on discharge does not preclude defendant from serving rival concern — injunction denied as matter of law and complaint dismissed for insufficiency.

A contract of employment between the plaintiff as employer and the defendant as employee, the terms of which restrained the defendant " while this contract remains in effect " from entering into the employment of any rival concern or becoming engaged in any similar line of business under penalty of being enjoined by an injunction, does not preclude said defendant from serving a rival concern, where it appears that following defendant's confession, after his employment for one year, to misappropriation of plaintiff's funds, said defendant executed a second contract which while it provided for his employment by the plaintiff for a period of eight years, upon condition that if plaintiff become dissatisfied with his services, it might terminate the employment, failed to refer to the former agreement and contained no provision as to the terms of employment and made no reference to the defendant entering the employment of a rival concern, since by the terms of the second agreement the parties contracted anew, abrogating and cancelling the first contract. Moreover, the second contract contained no agreement prohibiting the defendant from seeking other employment in the case of his discharge; therefore, plaintiff is not entitled, as a matter of law, to a temporary injunction restraining the defendant from entering into the employent of a rival concern, and its complaint should be dismissed for failure to state facts sufficient to constitute a cause of action.

MOTION by plaintiff for a temporary injunction, by which it seeks to restrain, during the pendency of the action, the defendant, its former employee, from entering into or continuing in the employ of a rival concern.

*Ray T. Hackett,* for the plaintiff.

*Sherman & Chernin* [*A. E. Gold* of counsel], for the defendant.

RHODES, J.:

The plaintiff alleges, and it is undisputed, that on or about the 9th day of January, 1919, plaintiff and defendant entered into a

written contract for the employment of defendant by plaintiff for one year at thirty-five dollars a week, subject to discharge by plaintiff upon one week's notice. By its terms defendant agreed not to engage in any other occupation in any city in the United States in which the plaintiff has a branch store. The contract then provides: "If Sydney Portner, while this contract remains in effect, shall, in violation of its terms, enter into the employ or service, or otherwise act in aid of the business of any rival company or concern engaged or himself engage in the same or a similar general line of business, the party of the first part shall be entitled to an injunction enjoining and restraining Sydney Portner and each and every person concerned therein, from the continuance of such employment, * * *." The contract further provides: "The party of the second part [defendant] shall have the right to sever his connection with the party of the first part upon one week's notice, but in the event of severing his said connection he agrees not to either directly or indirectly connect himself with any firm engaged in business similar to that of the party of the first part, nor will he himself engage in any business that will compete with the business of the party of the first part, for five (5) years after the date of his connection being so severed."

It appears that the defendant continued in the employment of the plaintiff after the expiration of one year, and shortly prior to October 1, 1923, plaintiff discovered that defendant had misappropriated its funds in the amount of several hundred dollars, and thereupon and on or about the 7th day of October, 1923, the parties entered into another agreement in writing which recites defendant's past employment, his confession of his misappropriation of funds and moneys amounting to upwards of $3,362.52; recites the desire of defendant for an opportunity to make restitution and to continue in the employ of the plaintiff; the willingness of the plaintiff to continue to employ the defendant, " but only on the following terms and conditions: *Now this Agreement Witnesseth,* that for and in consideration of the mutual promises made by the parties hereto, the parties hereto do hereby agree with each other as follows: " The agreement then provides for the method of making restitution; for the continuation of the defendant in plaintiff's employ for a period of eight years, and that the defendant shall " discharge all of the duties imposed upon him by the said party of the second part, with such restrictions and limitations as the said party of the second part [plaintiff] may desire to impose * * *." By it the plaintiff agrees to employ the defendant for the period of eight years upon the condition, however, " if the said party of the second part shall become dissatisfied with the services and employment of the said party of the first part, of which it shall be the sole judge, it may

terminate the employment of the said party of the first part hereunder and cancel this entire contract by the giving of ten days written notice to the said party of the first part, * * *." It further provided that if the defendant had made any material misrepresentations to the plaintiff, plaintiff might terminate said agreement upon discovering such misrepresentations.

This subsequent agreement contains no provision relative to the defendant entering the employment of any rival concern, or entering into business for himself.

Plaintiff contends that the second agreement entered into between the parties was simply supplemental to the original written agreement of employment, and that, therefore, the restrictions contained in said original agreement are still in force and effect. I am unable to assent to this contention. The second written agreement is complete in its terms; makes no reference to the former agreement; the duration of employment is changed; the terms of employment and the duties are entirely different, and the latter agreement must be held to be an abrogation of the original one. By the second agreement the parties contract anew, and the original contract was abandoned and canceled.

But even if it be held otherwise, and if it be assumed that the original contract is still in existence and in force, as supplemented and modified by the subsequent written agreement, the plaintiff is not entitled, even under the terms of the original agreement, to an injunction. The original agreement provides for an employment for the term of one year, and while the defendant continued in employment after the expiration of one year, and it may be assumed that both parties treated the original agreement as renewed or continued from year to year, nevertheless it, by its terms, seeks to prohibit defendant from seeking other employment only during the time said contract " remains in effect." The only other limitation of defendant's right to seek other employment is in case he shall sever his connection with the plaintiff, in which event he agreed not to enter other employment for a period of five years " after the date of his connection being so severed." This refers to a severance by defendant voluntarily. It appears from the affidavits upon this motion that the defendant did not sever his connection voluntarily, but was discharged. The agreement, therefore, makes no provision prohibiting his seeking other employment in case of his discharge, except, possibly, during the remainder of the unexpired year which has now elapsed.

Many other interesting questions have been presented and argued upon this motion, but in view of the grounds upon which I have arrived at a decision, it is not necessary to discuss them.

Plaintiff's motion is denied, the denial being based not upon the ground that it is refused as a matter of discretion, but upon the ground that plaintiff is not, as a matter of law, entitled to it.

Defendant has made a cross-motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. In line with the determination and denial of plaintiff's motion herein, it logically and necessarily follows that the complaint should be dismissed because it fails to state facts sufficient to constitute a cause of action. The complaint is, therefore, dismissed, with ten dollars costs to defendant.